FILED
JUN 29 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JEROME MARTIN, )
)
Plaintiff, )
)
v. ) Civil Action No. 12 1082
)
ERIC HOLDER, )
)
Defendant. )

---

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff and his co-defendants "were indicted on counts of narcotics conspiracy, racketeering conspiracy, murder and other crimes of violence, narcotics trafficking, and weapons possession" on September 18, 1998. *United States v. Carson*, 455 F.3d 336, 347 (D.C. Cir. 2006); *see* Compl. at 5. A jury trial began on November 15, 2000, and "[t]hroughout July and August 2001, the jury returned guilty verdicts . . . on numerous counts and not guilty verdicts on several counts, and found some racketeering acts proven and others not proven." *Carson*, 455 F.3d at 347. Plaintiff "received a life sentence followed by 28-years-to-life consecutive time, 5 years of which were mandated by federal statute." *Id.* at 382.

In this action, plaintiff claims that his "conviction was based on Public Law 80-772," Compl. at 4, "the only statute which gives the court jurisdiction to <u>Indict</u> and <u>Convict</u>" him, *id.* at 5 (emphasis in original). According to plaintiff, Public Law 80-772 "was never passed by Congress," *id.* at 4, rendering his criminal conviction and sentence invalid and his current

incarceration unconstitutional, *see generally id.* at 10-15. He brings this action under under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to challenge the constitutionality of the statutes under which he was convicted. The gravamen of the complaint is that the sentencing court, the United States District Court for the District of Columbia, lacked jurisdiction over the criminal prosecution.

Because the success of plaintiff's claim necessarily would void his conviction, plaintiff cannot recover monetary damages – the only available remedy under *Bivens* -- without first showing that the conviction has been invalidated either by "revers[al] on direct appeal, expunge[ment] by executive order, . . . or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see, e.g., Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted).[1] Plaintiff has not shown that his conviction has been invalidated, and, therefore, he fails to state a claim upon which relief can be granted under *Bivens*. Accordingly, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE:

United States District Judge

---

[1] Review of the Court's docket shows that plaintiff has filed a *pro se* "Motion to Vacate, Set Aside, [or] Correct Sentence Pursuant to 28 U.S.C. Section 2255," *see United States v. Martin*, No. 98-cr-0329 (D.D.C. filed Feb. 18, 2008), that counsel has been appointed to represent plaintiff in the matter, and that the motion remains pending.